IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| COLLINS S. WILSON,   | )           |
|---|---|
|         Petitioner,  | )           |
|         v.           | ) 1:13CV272 |
| MIKE HARDEE,         | )           |
|         Respondent.  | )           |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Collins S. Wilson, a prisoner of the State of North Carolina, has brought a Petition [Doc. #2] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Respondent opposes with a Motion for Summary Judgment [Doc. #8]. On August 13, 2008, in the Superior Court of Moore County, Petitioner was convicted of felonious breaking or entering of a motor vehicle with intent to commit larceny therein, misdemeanor larceny, misdemeanor possession of stolen goods, communicating threats, and simple assault. State v. Wilson, No. COA09-815, 2010 WL 2163357 (N.C. App. June 1, 2010). He then pled guilty to having the status of a habitual felon before receiving sentences of 151 to 191 months of imprisonment for the habitual felon and breaking or entering conviction and shorter consecutive sentences ranging from 60 to 120 days for his other convictions. Id. Petitioner filed a direct appeal, which concluded on June 1, 2010, when the North Carolina Court Appeals denied the appeal and he failed to seek further review. Id. Attempts to

resurrect that appeal by seeking certiorari from the North Carolina Supreme Court and United States Supreme Court in 2013 proved unsuccessful. See State v. Wilson, 366 N.C. 431, 736 S.E.2d 499 (2013), cert. denied, 133 S. Ct. 2811 (2013). On October 3, 2011, Petitioner filed a Motion for Appropriate Relief (MAR) in Moore County. When the MAR was denied, Petitioner sought a writ of certiorari from the North Carolina Court of Appeals, which denied certiorari on January 4, 2012. Then, on April 5, 2012, Petitioner filed a second MAR in the trial court, which led to a further denial, a second attempt at a writ of certiorari in the North Carolina Court of Appeals, and, on February 14, 2013, a second denial of certiorari from that court. On March 28, 2013, Petitioner signed and dated his current Petition, which the Court received on April 1, 2013. After being ordered to answer, Respondent filed its Motion for Summary Judgment.

Petitioner's Claims

Petitioner raises three claims for relief in his Petition. First, he contends that his sentence as a habitual felon is disproportionate in light of the crime he committed and that he is entitled to resentencing based on changes in North Carolina sentencing law that occurred in 2009 and 2011. (Petition, § 12, Ground One; Attach.) Second, he claims that his habitual felon indictment was invalid because it listed a felony conviction for a date on which he had no prior conviction. (Id., Ground Two; Attach.) Finally, Petitioner alleges that he received ineffective assistance of counsel because his attorney failed to argue certain mitigating factors at sentencing. (Id., Ground Three; Attach.)

Statute of Limitations

With the exception of Petitioner's claim that he is entitled to resentencing under the 2011 amendment to North Carolina's sentencing laws, Respondent seeks dismissal of Petitioner's claims on the ground that Petitioner filed them outside of the applicable one-year limitation period, 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitations argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Petitioner does not appear to argue, and the record does not reveal, any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case as to the claims challenged as untimely by Respondent. Therefore, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of

3

direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

As Respondent asserts (Respondent's Brief [Doc. #10] at 4), and Petitioner has not disputed, Petitioner's convictions became final on July 6, 2010, 35 days after the North Carolina Court of Appeals denied his direct appeal, or the date on which his time to seek discretionary review from the North Carolina Supreme Court expired. Gonzalez v. Thaler, 132 S. Ct. 641, 656 (2012); N.C. R. App. 32(b), 14(a) and 15(b). Petitioner's time to file in this Court then ran for a year and expired on July 6, 2011, without him having filed a habeas petition under § 2254. Petitioner later pursued collateral relief in the state courts by filing his MARs. Although attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)," Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999), Petitioner did not file his first MAR until October 3, 2011, or nearly three months after the deadline passed. Attempts at state court collateral relief made after the § 2244(d)(1) deadline expires do not revive or restart the deadline. Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). The same is true for Petitioner's attempts to revive his direct appeal in 2013. If successful, those would have restarted his time to file. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). However, they did not succeed and Petitioner's conviction remained final as of July 6, 2011. All of Petitioner's claims with the exception of

4

his argument that he is entitled to resentencing under the 2011 changes to North Carolina law[1] are time barred under § 2244(d)(1)(A) and should be dismissed.

Petitioner's only response is that the Court should treat the Petition as timely because "it is obvious that [he has] proceeded diligently" and that "considering [his] pro-se status, it is apparent that [he] acted in a timely manner." (Petitioner's Response [Doc. #12] at 6.) However, for the reasons set out above, the Court concludes that he proceeded in neither a diligent nor timely manner as to all but one of his claims. As for his reference to his pro se status, this could be construed as a request for equitable tolling, which the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added). However, unfamiliarity with the legal process, even in the case of an unrepresented prisoner, does not constitute grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); March v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); Gray v. Lewis, No. 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011) (unpublished) (citing Hood v. Jackson, No. 5:10-HC2008-FL, 2010 WL 4974550, at *2 (E.D.N.C. Dec. 1, 2010) (unpublished), and Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002)

---

[1] Respondent concedes that this claim is timely in light of the fact that the basis for the claim did not exist until 2011 and that Petitioner's subsequent filings seeking collateral review in the state courts sufficiently tolled the running of the limitations period to render the filing of the claim in this Court timely under § 2244(d)(1).

5

(Beaty, J., adopting recommendation of Eliason, M.J.) (unpublished), adopted, slip op. (M.D.N.C. Nov. 4, 2011) (Beaty, C.J.)).  Petitioner's equitable tolling argument fails, Respondent's Motion for Summary Judgment should be granted, and the Petition should be dismissed as untimely with the exception of his claim that changes to North Carolina's sentencing laws in 2011 entitle him to resentencing.  The Court will address that claim on its merits.

Standard of Review

This Court must apply a highly deferential standard of review in connection with habeas claims "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d).  More specifically, the Court may not grant relief unless a state court decision on the merits "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id.  "Clearly established Federal law" includes only "'holdings, as opposed to dicta,'" of the United States Supreme Court.  White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (quoting Howes v. Fields, 132 S. Ct. 1181, 1187 (2012)).  A state court decision is "contrary to" United States Supreme Court precedent if the state court decision either "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law" or "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different" from the United States Supreme Court.  Williams v. Taylor, 529 U.S. 362, 406 (2000).  A state court decision

involves an "unreasonable application" of Supreme Court case law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case."  Id. at 407; see also id. at 409–11 (explaining that "unreasonable" does not mean merely "incorrect" or "erroneous"). "[E]ven clear error will not suffice."  White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75–76 (2003)).  "Rather, 'as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  Id. (quoting Harrington v. Richter, 562 U.S. ___, ___, 131 S. Ct. 770, 786–787 (2011).  Finally, this Court must presume state court findings of fact correct unless clear and convincing evidence rebuts them.  28 U.S.C. § 2254(e)(1).

## Discussion

Petitioner's sole remaining claim contends that his habitual felon sentence of 151 to 191 months for breaking and entering a vehicle is "disproportionate" in light of subsequent changes in North Carolina's sentencing laws.  This claim was raised in Petitioner's second MAR and denied for a "lack of merit."  (Petition, Exs.)  Thus, it is clear that Petitioner presented the claim to the state courts, the claim was adjudicated on its merits, and the standard of review set out above applies.

The claim raised in the Petition does not cite any controlling federal law, but instead refers to the attached second MAR.  The second MAR asserts that Petitioner's sentence is

7

"disproportionate" under two state law cases and the United States Supreme Court case of Graham v. Florida, 560 U.S. 48 (2010). However, even a cursory review of Graham reveals that it not only does not compel such a conclusion, but that it is inapplicable to Petitioner's situation. The Supreme Court held in Graham that a mandatory sentence of life without the possibility of parole for a juvenile offender who did not commit a homicide was grossly disproportionate and, therefore, a violation of the United States Constitution's protection against cruel and unusual punishment. Id. at 82. However, Petitioner is not a juvenile and did not receive a sentence of life imprisonment without the possibility of parole. Graham is not controlling law in his case. More importantly, the decision in Graham cites to cases which are far more applicable to Petitioner's case because they involved lengthy sentences for adult repeat offenders such as Petitioner. See id. at 60 (citing Ewing v. California, 538 U.S. 11 (2003) (holding that a 25-years-to-life sentence for the theft of golf clubs under a "three strikes" law is constitutional) and Rummel v. Estelle, 445 U.S. 263 (1980) (holding that life without parole for a third nonviolent felony of obtaining money by false pretenses is constitutional)). Ewing and Rummel control Petitioner's case far more than Graham, and the state court's denial of his claim was not contrary to, or an unreasonable application of, those cases. Petitioner cannot meet the high standards of § 2254(d) by relying on Graham.

Petitioner attempts to avoid denial of his claim by altering it somewhat in his Response. There, he claims that North Carolina's changing of its habitual felon sentences in 2011 shows that it was aware that the prior sentencing structure, the one under which Petitioner was sentenced, violated the Constitution. This is simply incorrect. States and the

8

federal government frequently raise or lower sentences for various crimes based on many reasons not related to the constitutionality of the sentence being altered. Nothing suggests that North Carolina's decision to change its sentencing in 2011 was related to the constitutionality of habitual felon sentences. In fact, as discussed above, Petitioner's sentence is constitutional under Ewing and Rummel. Petitioner is not entitled to relief and his only non-time barred claim should be denied.

IT IS THEREFORE RECOMMENDED that Respondent's Motion for Summary Judgment [Doc. #8] be granted, that the claims raised in the Petition [Doc. #2] be dismissed and denied as set out in the body of this Recommendation, and that this action be dismissed.

This, the 22nd day of August, 2014.

                                                        /s/ Joi Elizabeth Peake
                                                        United States Magistrate Judge